J-S35029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES P. BEAL | |
| Appellant | No. 2474 EDA 2018 |

Appeal from the Order Entered July 17, 2018
In the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0007286-2007

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 19, 2019**

Appellant James P. Beal *pro se* appeals from the July 17, 2018 order entered in the Court of Common Pleas of Bucks County ("PCRA court"), which denied his request for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.[1]  Briefly, on February 29, 2008, Appellant pleaded guilty to a plethora of drug offenses,[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Unless otherwise specified, these facts come from the PCRA court's August 15, 2018 opinion filed pursuant to Pa.R.A.P. 1925(a).

[2] Between docket numbers 7274-2007 and 7286-2007, Appellant pleaded guilty to hundreds of counts of manufacture/deliver/possession with intent to manufacture/deliver a controlled substance (35 P.S. § 780-113(a)(30)), criminal use of a communication facility (18 Pa.C.S.A. § 7512(a)), use/possession of drug paraphernalia (35 P.S. § 780-113(a)(32)), criminal attempt – manufacture/deliver/possession with intent to manufacture or

and was originally sentenced by the trial court to an aggregate period of incarceration of not less than 20 nor more than 41 years' incarceration and a fine in excess of $2.8 million. Appellant filed a direct appeal, challenging the validity of his guilty pleas and the imposition of his sentence "without reference" to the sentencing guidelines. On January 19, 2011, we determined that Appellant had waived all issues pertaining to his guilty pleas, but vacated the sentence and remanded the case "so that the trial court can consider the applicable sentencing guidelines and impose a punishment that is consistent with the Sentencing Code." *Commonwealth v. Beal*, No. 1123 EDA 2008 and No. 1263 EDA 2008, unpublished memorandum at 8 (Pa. Super. filed January 19, 2011).

On December 22, 2011, the trial court convened a hearing, after which it re-sentenced Appellant to not less than 18 nor more than 40 years' incarceration plus costs. It re-imposed the fine exceeding $2.8 million. Appellant filed a motion for reconsideration, which the trial court denied. Appellant appealed to this Court. A panel of this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Beal*, No. 1300 EDA 2012, unpublished memorandum at 7-8 (Pa. Super. filed April 1, 2013). On

deliver (18 Pa.C.S.A. § 901(a)), dealing in unlawful proceeds of unlawful activity (18 Pa.C.S.A. § 5111(a)(1)), and criminal conspiracy with respect to manufactur/deliver/possession with intent to manufacture or deliver (18 Pa.C.S.A. § 903(a)(1)). However, this appeal is limited to only docket number 7286-2007.

December 11, 2014, our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Beal**, 105 A.3d 660 (Pa. 2014).

Following the October 6, 2014 denial of his writ of *certiorari* by the United States Supreme Court, Appellant *pro se* filed the instant PCRA petition on September 28, 2015. In his petition, Appellant raised, among other things, mandatory minimum sentencing claims under **Alleyne**[3] as well as claims for ineffective assistance of counsel. The PCRA court appointed counsel, who filed amended petitions. On May 8, 2017, Appellant *pro se* filed a motion requesting the appointment of new counsel. On January 24, 2018, the PCRA court granted the motion and appointed a new counsel, who subsequently filed a no-merit letter under **Turner**/**Finley**[4] on April 24, 2018. On May 17, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. On May 25, 2018, Appellant filed his response to the no-merit letter. On June 7, 2018, the PCRA court issued an order, granting in part and denying in part Appellant's post-conviction relief petition. Specifically, the PCRA court granted the petition to the extent it challenged Appellant's sentence under **Alleyne**. In this regard, the PCRA court granted him a new sentencing hearing without the application of the mandatory minimum sentencing provisions of 18 Pa.C.S.A. § 7508, relating

---

[3] **Alleyne v. United States**, 133 S. Ct. 2151, 2161-63 (2013) (holding that any fact other than a prior conviction that triggers a mandatory minimum sentence must be found by the fact-finder beyond a reasonable doubt).

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

to drug trafficking sentencing and penalties. The PCRA court, however, denied Appellant relief on his ineffectiveness claim with respect to the voluntariness of his guilty pleas.

On June 26, 2018, Appellant *pro se* filed a notice of appeal docketed at 1870 EDA 2018, which he ultimately discontinued on September 18, 2018. On June 27, 2018, Appellant *pro se* filed a timely motion for reconsideration, asserting that he never received the PCRA court's Rule 907 notice and seeking an opportunity to respond to the same. On June 29, 2018, the PCRA court granted reconsideration, directing Appellant to file a response to the Rule 907 notice by July 27, 2018. On July 9, 2018, Appellant's PCRA counsel filed a petition to withdraw as counsel. On July 16, 2018, Appellant filed a *pro se* response to the Rule 907 notice. On July 17, 2018, the PCRA court issued an order affirming its June 7, 2018 order, granting in part and denying in part the PCRA petition and granting counsel's petition to withdraw. On August 13, 2018, Appellant *pro se* timely appealed to this Court. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising two assertions of error.

> [I.] Trial Counsel was ineffective by failing to ensure that the petitioner understood his rights, the nature of the charges against him and the overall aggregated consequences of his guilty plea, including the weights and amounts of controlled substances that he was being accused of delivering, the permissible ranges of sentences and fines for all of the offenses he was pleading guilty to as well as the cumulated total of the permissible ranges of sentences and fines and the nature of any mandatory sentences being sought by the Commonwealth. This failure resulted in a manifest injustice by facilitating the entry of an unknowing, involuntary, and unintelligent plea.

[II.] The petitioner's guilty plea was unknowing, involuntary and unintelligent due to the petitioner not being advised of all the charges against him, the overall consequences of him pleading guilty to over three -hundred (300) felonies including the total aggregate sentence and fines, the correct weights and amounts of the controlled substances that he was being accused of delivering, the permissible ranges of sentences and fines for each of the possession with intent to deliver charges as well as the permissible ranges of sentences and fines for the multitude of other offenses that he was pleading guilty to and the nature of any mandatory sentences being sought by the Commonwealth and trial counsel was ineffective for not filing a motion to withdraw the guilty plea.

Rule 1925(b) Statement, 8/28/18, at ¶ 2(a), (b) (unnecessary capitalization omitted). In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant's appeal lacked merit.

On appeal,[5] Appellant repeats the same issues for our review, which implicate an ineffective assistance of counsel claim. At the core, Appellant argues only that his guilty plea was not knowing, voluntary and intelligent because of his counsel's ineffectiveness. Specifically, he argues that his counsel was ineffective for allowing him to plead guilty without informing him of the sentencing consequences under the plea and failing to file a motion to withdraw the guilty plea. Appellant's Brief at 9. As a result, and without reference to any legal authority, Appellant contends that his counsel was *per se* ineffective. **Id.** This contention with respect to *per se* ineffectiveness,

---

[5] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

however, is not anchored in the law.[6] *See generally Commonwealth v. Timchak*, 69 A.3d 765, 776 (Pa. Super. 2013) (concluding that counsel was not ineffective for failing to inform Timchak that he could seek to withdraw his guilty plea because plea counsel had a reasonable basis for not doing so).

On the contrary, to be entitled to relief on ineffectiveness grounds, Appellant was required to plead and prove that counsel's ineffectiveness caused an involuntary or unknowing plea. *See Commonwealth v. Fowler*, 893 A.2d 758, 765 (Pa. Super. 2006) (affirming denial of PCRA relief where appellant pled that his guilty plea was involuntary and unknowing because it was improperly induced by counsel's promise and assurance that he would not receive the statutory maximum); *see also* 42 Pa.C.S.A. § 9543(a)(2)(ii). Indeed, "[i]t is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him."

---

[6] In Pennsylvania, *per se* ineffectiveness has been recognized only in limited circumstances "where there was an actual or constructive denial of counsel, the state interfered with counsel's assistance, or counsel had an actual conflict of interest." *Commonwealth v. Reaves*, 923 A.2d 1119, 1128 (2007). For instance, in *Commonwealth v. Halley*, 870 A.2d 795 (Pa. 2005), our Supreme Court concluded that counsel who fails to file a Rule 1925(b) statement for purposes of a first as-of-right direct appeal is *per se* ineffective. *Compare Commonwealth v. Hill*, 16 A.3d 484 (Pa. 2011) (failure to file a 1925(b) statement for purposes of capital PCRA review resulted in waiver). Similarly, in *Commonwealth v. Burton*, 973 A.2d 428 (Pa. Super. 2009), this Court determined that counsel's filing of an untimely Rule 1925(b) statement was *per se* ineffective. The limited application of *per se* ineffectiveness, however, has not been extended to general ineffectiveness claims under the PCRA.

***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the "***Pierce***[7] test," or the claim fails." ***Id.*** Put differently, "[t]he burden of proving ineffectiveness rests with Appellant." ***Commonwealth v. Chmiel***, 889 A.2d 501, 540 (Pa. 2005).

Instantly, Appellant is not entitled to relief. Despite his argument that his ineffectiveness claims meet the arguable merit prong of the ***Pierce*** test, his brief is bereft of any discussion or argument with respect to the reasonable basis and prejudice prongs. As we recently emphasized, "[a] petitioner must prove all three factors of the ***Pierce*** test, or the [ineffectiveness] claim fails. In addition, on appeal, a petitioner ***must adequately discuss all three factors*** of the ***Pierce*** test, or the appellate court will reject the claim." ***Reyes-Rodriguez***, 111 A.3d at 780 (emphasis added) (citing ***Fears***, 86 A.3d at 804)). Thus, given Appellant's failure to discuss the reasonable basis and prejudice prongs on appeal, we must reject his ineffectiveness claims.

Nonetheless, even if we were to review the merits of his ineffectiveness claim, we would conclude that he still is not entitled to relief. Our review of

_____

[7] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

the oral guilty plea colloquy does not reveal any grounds for challenging the validity of Appellant's plea agreement. Specifically, the guilty plea colloquy reveals that Appellant was advised of the maximum sentence that the trial court could impose and that such sentences could be consecutive. N.T. Guilty Plea, 2/29/08, at 8-10. As the trial court observed, "[Appellant] acknowledged that he knew he was going to receive a substantial sentence that he was 'going to get hit.'" Trial Court Opinion, 8/15/18, at 9. Additionally, Appellant agreed to the Commonwealth's facts supporting the listed charges and affirmed that he was pleading guilty on his own volition and that he understood the terms and consequences of doing so. Appellant also agreed that he understood the consequences of relinquishing his right to a trial by a judge or a jury. Appellant agreed that by pleading guilty he also was giving up his pretrial rights. Appellant further stated that no one promised or threatened him to plead guilty. Although Appellant claimed that he was taking medication for panic attacks, he stated that the medication did not affect his ability to understand.

Thus, based upon our review of the record, Appellant's claim that his guilty plea was involuntary, unintelligent, or unknowing because he was not apprised of the sentencing consequences lacks merit and is belied by his oral colloquy. Appellant is bound by the statements he made at the time of his guilty plea. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (A defendant is bound by the statements made during the plea colloquy,

and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pleaded guilty).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/19